**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 25-4285**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NICHOLAS EMANUEL LOCKLEAR,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:24-cr-00055-D-BM-2)

———————————

Submitted:  November 25, 2025                    Decided:  December 2, 2025

———————————

Before WYNN and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

———————————

Affirmed in part and dismissed in part by unpublished per curiam opinion.

———————————

**ON BRIEF:**  Sandra Payne Hagood, LAW OFFICE OF SANDRA PAYNE HAGOOD, Cary, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Sarah Elizabeth Nokes, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nicholas Emanuel Locklear pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute a quantity of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846; possession with intent to distribute a quantity of fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). The district court sentenced Locklear to 144 months' imprisonment. On appeal, Locklear's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Locklear's appeal waiver and guilty plea are valid, whether a sufficient factual basis supports Locklear's guilty plea, whether trial counsel was ineffective, and whether the Government engaged in prosecutorial misconduct. Locklear was informed of his right to file a pro se supplemental brief, but he has not done so. The Government moves to dismiss Locklear's appeal based on the appeal waiver in his plea agreement. For the reasons explained below, we dismiss in part and affirm in part.

"We review an appellate waiver de novo to determine its enforceability" and "will enforce the waiver if it is valid and if the issue being appealed falls within its scope." *United States v. Carter*, 87 F.4th 217, 223-24 (4th Cir. 2023) (internal quotation marks omitted). "[A]n appellate waiver is valid if the defendant knowingly and voluntarily agreed to it." *Id.* at 224. To determine whether a waiver is knowing and voluntary, "we look to the totality of the circumstances, including the defendant's experience, conduct, educational background and knowledge of his plea agreement and its terms." *Id.* "When

2

a district court questions a defendant during a [Fed. R. Crim. P.] 11 hearing regarding an appeal waiver and the record shows that the defendant understood the import of his concessions, we generally will hold that the waiver is valid." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021).

Our review of the record confirms that Locklear knowingly and voluntarily waived his right to appeal his convictions and sentence excepting only claims of ineffective assistance of counsel and prosecutorial misconduct not known to him at the time of his guilty plea. We are thus satisfied that the appeal waiver is valid and enforceable.

Even a valid appeal waiver, however, does not preclude our review of certain claims. For instance, a defendant cannot waive a colorable claim that his guilty plea was not knowing and voluntary. *United States v. Cohen*, 888 F.3d 667, 683-84 (4th Cir. 2018); *United States v. Attar*, 38 F.3d 727, 732-33 & n.2 (4th Cir. 1994). Nor does a valid appeal waiver bar a defendant's claim that "a factual basis is insufficient to support [his] guilty plea." *United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018). Here, Locklear's counsel raises both issues. Accordingly, we deny in part the Government's motion to dismiss.

Before accepting a guilty plea, the district court (or in this case, the magistrate judge based on Locklear's consent) must conduct a plea colloquy during which it informs the defendant of, and determines that the defendant comprehends, the nature of the charges to which he is pleading guilty, the minimum and maximum penalties he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. Taylor-Sanders*, 88 F.4th 516, 522 (4th Cir. 2023). Relaying this information ensures that

3

the defendant's plea is knowing.  The district court also must make certain that the plea is voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3).  *See Taylor-Sanders*, 88 F.4th at 522.

Because Locklear did not move to withdraw his guilty plea or otherwise object to the adequacy of the Rule 11 hearing in the district court, we review the validity of Locklear's guilty plea for plain error only.  *See United States v. King*, 91 F.4th 756, 760 (4th Cir. 2024).  Having reviewed the record, we conclude that the magistrate judge fully complied with Rule 11 in accepting Locklear's guilty plea.  We are also satisfied that Locklear was competent to enter his guilty plea and that his guilty plea was knowing, voluntary, and supported by an independent factual basis.  We thus affirm Locklear's convictions.

Insofar as Locklear's counsel questions whether Locklear received ineffective assistance of counsel and whether the Government engaged in prosecutorial misconduct, we conclude that the face of the record does not reveal a potentially meritorious ineffective assistance claim or prosecutorial misconduct claim.  *See United States v. Freeman*, 24 F.4th 320, 326 (4th Cir. 2022) (en banc) (recognizing that, when a defendant raises an ineffective assistance of trial counsel claim on direct appeal, "we will reverse only if it *conclusively appears in the trial record itself* that the defendant was not provided effective representation" (alteration and internal quotation marks omitted)); *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016) ("Unless an attorney's ineffectiveness conclusively

4

appears on the face of the record, [ineffective assistance] claims are not addressed on direct appeal.").

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal that are outside of the appeal waiver or not waivable by law. We therefore grant in part the Government's motion to dismiss and dismiss the appeal as to all issues covered by the appeal waiver. We also deny in part the motion to dismiss and affirm as to any issue not precluded by the appeal waiver.

This court requires that counsel inform Locklear, in writing, of the right to petition the Supreme Court of the United States for further review. If Locklear requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Locklear.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

5